UNITED STATES of America, Plaintiff–Appellee,

v.

Valentine DIAZ–PEREZ, also known as Sergio Cabraba, Defendant–Appellant.

No. 05–20507.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Valentine Diaz–Perez appeals his guilty plea conviction and sentence for being found unlawfully in the United States after having been deported. The district court sentenced Diaz–Perez to 77 months of imprisonment and three years of supervised release.

Diaz–Perez first challenges the 16–level sentencing enhancement he received under U.S.S.G. § 2L1.2(b)(1)(A)(ii), arguing that the district court erred by finding that his

---

prior Texas conviction for burglary of a habitation constitutes a "crime of violence." The district court correctly found that Diaz–Perez's prior conviction for burglary of a habitation was a conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii). *See United States v. Hornsby,* 88 F.3d 336, 339 (5th Cir.1996); *United States v. Garcia–Mendez,* 420 F.3d 454, 456–57 (5th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006).

Diaz–Perez also argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. As Diaz–Perez concedes, this claim is not ripe for review on direct appeal. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1102 (5th Cir.2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). Accordingly, this claim is dismissed.

In his final argument, Diaz–Perez contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Diaz–Perez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Diaz–Perez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Diaz–Perez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and

circuit precedent, but he raises it here to preserve it for further review.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.